IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:22CR40001-SOH-7 |
| | ) | |
| TAWNYA LEE LANSDELL | ) | |
|     aka TAWNYA LANSDELL | ) | |
| CLAIRE TERECE RUSSELL | ) | |
| WENDY WYNETTE GAMMON | ) | |
| SHELLY RAE EASTRIDGE | ) | |
| BONITA LOIS MARTIN | ) | |
| CANDACE MICHELLE WHITLEY | ) | |
| GINA M. RICHARDSON | ) | |
| STEPHEN HADEN SULLIVAN | ) | |
| MICHAEL WAYNE LANSDELL | ) | |
| RUSTY LYNN GRIFFIN | ) | |
| MICHAEL WALLACE MARTIN | ) | |
|     AKA MICK MARTIN | ) | |
| LANSDELL FAMILY CLINIC, PLLC and | ) | |
| LANSDELL FARMS, LLC | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
GAMMON'S MOTION TO SEVER**

The United States of America, by and through its attorney, David Clay Fowlkes, United States Attorney for the Western District of Arkansas, and Anne E. Gardner, Special Assistant United States Attorney, requests that this Court deny Defendant Wendy Wynette Gammon's Motion to Sever for the reasons stated herein.

**I.      BACKGROUND**

On March 2, 2022, Gammon was charged in an Indictment with conspiracy to illegally distribute opioids (Count One) with seven co-defendants: Tawnya Lee Lansdell, Claire Terece Russell, Shelly Rae Eastridge, Bonita Lois Martin, Candace Michelle Whitely, Gina M. Richardson, and Stephen Haden Sullivan. (Doc. 1). Tawyna Lansdell owned and operated Lansdell Family Clinic, with several health care clinic locations in and around Southwest Arkansas,

including locations in Texarkana, De Queen, Dierks, and Lockesburg, Arkansas. Defendants Claire Terece Russell, Wendy Wynette Gammon, Shelly Rae Eastridge, Bonita Lois Martin worked, along with Tawnya Lansdell, as medical practitioners at Lansdell Family Clinic locations. Candace Michelle Whitely, Gina M. Richardson, and Stephen Haden Sullivan worked as pharmacists at Pruitt's Pharmacy, which adjoined Lansdell Family Clinic in De Queen, Arkansas.

On April 20, 2022, a Superseding Indictment was filed with the same charges and co-defendants as to Count One and adding a charge of conspiracy to commit health care fraud as to Tawyna Lee Lansdell, Rusty Lynn Griffin, and Michael Wallace Martin (Count Two); adding a charge of conspiracy to commit wire fraud as to Tawnya Lee Lansdell, Michael Wayne Lansdell, Lansdell Family Clinic, PLLC, and Lansdell Farms, LLC (Count Three); and two counts of wire fraud as to Michael Wayne Lansdell and Lansdell Family Clinic, PLLC (Counts Four and Five). (Doc. 79). Lansdell Family Clinic, PLLC (Lansdell Family Clinic) is an Arkansas-based Limited Liability Company listing officers as Michael Lansdell and Tawnya Lansdell, who are married. Rusty Lynn Griffin, Tawnya's brother, worked at Lansdell Family Clinic in a management role, including at its administrative office. Michael Wallace Martin, Tawnya's nephew, worked at Lansdell Family Clinic in a management role, including at its administrative office.

The investigation into Lansdell Family Clinic revealed that opioid medications were being prescribed by practitioners at the clinics in unusually large quantities to communities in De Queen, Lockesburg, Dierks and Texarkana. Additionally, the clinics were found to be overbilling Medicare/Medicaid and private insurers for medical services. Several witnesses provided testimony regarding the prescribing and billing practices at the clinics. The overprescribing and overbilling conduct at the clinics was directed to practitioners by Tawnya Lansdell, with the assistance of Rusty Griffin, Michael Lansdell, and Mick Martin. The overprescribing and

Case 4:22-cr-40001-SOH   Document 140   Filed 05/16/22   Page 3 of 9 PageID #: 452


overbilling conduct was carried out by Claire Terece Russell, Wendy Wynette Gammon, Shelly Rae Eastridge, and Bonita Lois Martin, who were practitioners at the clinic locations. The overprescribing scheme was further carried out by Candace Michelle Whitley, Gina M. Richardson, and Stephen Haden Sullivan, pharmacists who filled controlled substance prescriptions from the De Queen clinic at their adjacent pharmacy. During the financial investigation of Lansdell Family Clinic, it was found that the Lansdells received a PPP loan for payroll expenses at the Lansdell Family Clinic from which they purchased a boat and paid off a loan for several acres of land belonging to Lansdell Farms LLC.

## II.   ARGUMENT

Gammon argues that Counts Two through Five are unrelated to the opioid conspiracy charges in Count One and that joinder is prejudicial. Gammon fails to overcome the strong presumption in favor of joinder. The overall scheme common to the defendants was to profit from operating Lansdell Family Clinic, and the evidence required to prove each count is overlapping. Further, Gammon cannot demonstrate joinder would result in substantial prejudice and that any prejudice would not be cured by appropriate jury instructions.

When a defendant moves to sever, a district court first determines if joinder is proper under Fed. R. Crim. P. 8 and then exercises its discretion to sever counts if the joinder appears to prejudice the defendant under Fed. R. Crim. P. 14(a). *United States v. Reynolds*, 720 F.3d 665, 670 (8th Cir. 2013). The joinder of defendants and offenses is governed by Rule 8, and relief from prejudicial joinder or severance is governed by Rule 14.

"Where an indictment joins defendants as well as offenses, the propriety of joinder . . . is governed by Rule 8(b)." *United States v. Mann*, 701 F.3d 274, 289 (8th Cir. 2012) (citing *United States v. Jones*, 880 F.2d 55, 60–61 (8th Cir. 1989)). To properly join defendants, the indictment

3

must allege that the defendants "participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "All defendants need not be charged in each count." *Id*. "Generally, 'the same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998) (quoting *Jones*, 880 F.2d at 61). The Eighth Circuit has held joinder was proper when "the indictment reflect[ed] a sequence of connected events with the defendants being involved at various points in the continuum." *United States v. Liveoak*, 377 F.3d 859, 864 (8th Cir. 2004) (quoting *United States v. Rimmell*, 21 F.3d 281, 289 (8th Cir.1994)).

It is well-established that joint trials promote judicial economy by conserving valuable time and resources. *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006) (citing *United States v. Darden*, 70 F.3d 1507, 1528 (8th Cir. 1995)). Trying all defendants together also serves the important function of giving "the jury the best perspective on all of the evidence[,]" thereby increasing the likelihood that the jury will reach a correct outcome. *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003).

Rule 8 is "broadly construed in favor of joinder to promote the efficient administration of justice." *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008). There is a "strong presumption" against severing a trial when it is clear that defendants have been properly joined. *United States v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009); *see also United States v. Crumley*, 528 F.3d 1053, 1063 (8th Cir. 2008) ("Once defendants are properly joined under Rule 8, there is a strong presumption for their joint trial.") (quoting *United States v.Flores*, 362 F.3d 1030, 1039-40 (8th Cir. 2004)); *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996) ("The presumption against severing properly joined cases is strong.").

4

Rule 14 provides, in part, that, "[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide any other relief that justice requires." "To grant a motion for severance, the necessary prejudice must be 'severe or compelling.'" *Id*. (quoting *United States v. Warfield*, 97 F.3d 1014, 1018 (8th Cir.1996)). In order to prevail on a motion for severance, a defendant must demonstrate "clear prejudice," *United States v. Brown*, 331 F.3d 591, 595–96 (8th Cir. 2003).

"Severance is appropriate 'only if there is a serious risk that joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008) shown (quoting, in part, *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). This requires establishing that a jury could not "compartmentalize the evidence with respect to different defendants due to a 'prejudicial spillover effect' between the cases against them, or that one defendant's defense conflicts with that of another and that the jury is likely to infer from this conflict alone that both are guilty." *United States v. Boone*, 437 F.3d 829, 837 (8th Cir.2006). Merely showing that one's odds of acquittal would improve if tried separately is insufficient. *See id*; *United States v. Gravatt*, 280 F.3d 1189, 1191 (8th Cir. 2002). "When two or more defendants are indicted together, 'there is a preference for a joint trial unless the party moving to sever can show that the benefits are outweighed by a clear likelihood of prejudice.'" *United States v. Clay*, 579 F.3d 919, 927 (8th Cir. 2009) (quoting *Boone*, 437 F.3d at 837). Prejudice rising to this level is found only in "unusual cases." *Id.* (quoting *United States v. Al-Esawi*, 560 F.3d 888, 891 (8th Cir. 2009).

This is especially true whenever defendants are co-conspirators—in this setting, "it will be the rare case, if ever, where a district court should sever the trial[.]" *Spotted Elk*, 548 F.3d at 658 (finding no abuse of discretion in denial of motion to sever where defendant, who was charged in

one count of conspiracy with 15 other defendants but was not named in seven additional counts,

argued the extensive evidence of co-defendants would render him "guilty by association" and

where district court gave appropriate curative instructions) (quoting *United States v. Frazier*, 280

F.3d 835, 844 (8th Cir. 2002)). "[P]ersons charged in a conspiracy or jointly indicted on similar

evidence for the same or related events should be tried together." *Lewis*, 557 F.3d at 609 (quoting

*United States v. Adkins*, 842 F.2d 210, 211 (8th Cir. 1998)). That evidence may be stronger against

one co-conspirator than another does not require otherwise. *See id.* at 610; *Spotted Elk*, 548 F.3d

at 658 ("[D]isparity among the defendants in extent of involvement and culpability is

commonplace in conspiracy cases and does not alone show the kind of prejudice that would require

a district court to sever, rather than to respond with some less drastic measure such as a curative

instruction.").

Gammon appears to argue the jury would be unable to compartmentalize the evidence

against her, opining that severance is needed to prevent a scenario in which she would cross-

examine defendants about purportedly unrelated evidence by asking "what does this have to do

with my client?" (Doc. 111 at 3). Spillover fears are commonplace and "rarely sufficient to

constitute 'substantial prejudice.'" 43 GEO. L.J. ANN. REV. CRIM. PROC. 344 (2014). Even where

there is actual prejudice, severance is not the most appropriate tool to address the defendant's

concerns; the Eighth Circuit recognizes that the better solution is to have careful and thorough jury

instructions. *United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004) ("The risk of prejudice

posed by joint trials is best cured by careful and thorough jury instructions"); *see also Zafiro*, 506

U.S. at 539 ("[L]ess drastic measures, such as limiting instructions, often will suffice to cure any

risk of prejudice."); *Boone*, 437 F.3d at 838 ("Where multiple defendants are tried together, the

risk of undue prejudice is best cured through cautionary instructions to the jury[.]"). Moreover, it

is presumed "that juries can and do follow instructions conscientiously, evaluate evidence carefully, and judge defendants individually." *See Delpit*, 94 F.3d at 1144.

In *Wadena*, 152 F.3d at 848 (8th Cir. 1998), Wadena was charged in two different conspiracies—a construction conspiracy and a conspiracy involving two tribal council commissions—and argued he should not have been tried with the other defendants who were charged with participating in the same two conspiracies plus a third conspiracy related to election fraud. He contended that joinder resulted in his trial being turned into an "election fraud circus" with 136 election fraud witnesses called to the stand that had nothing to do with his charges, causing him overwhelming prejudice. *Id.* at 849. The Eighth Circuit found joinder was proper and that there was a common scheme of Wadena's co-defendant using his position in tribal government to access tribal funds and misapply them for his personal gain. *Id*. at 848. Also, the Eighth Circuit found no error in denial of the motion to sever, finding that the United States had presented evidence relating to the three conspiracies in three distinct phases, preventing Wadena from suffering great and irreparable prejudice. *See also United States v. Morris*, 723 F.3d 934, 941 (8th Cir. 2013) (upholding denial of severance motion where defendants were indicted for a series of related fraudulent actions and were alleged to have participated in a cooperative scheme to defraud various federal agencies and noting that "a complete overlap is not necessary for joinder to be proper").

Likewise, here, Tawnya Lansdell and Michael Lansdell's overall scheme was to profit from the operation of Lansdell Family Clinic through committing the crimes charged in each count. The evidence required to prove each count is overlapping. For example, to prove Count One, the United States must offer evidence of the organization of the Lansdell Family Clinic under the direction of Tawnya and Michael Lansdell. The United States must offer evidence of each of the practitioners

working at the clinic and the scheme to overprescribe controlled substances. Within that evidence is evidence of overbilling for medical services provided to the same patients, resulting in healthcare fraud. Therefore, Counts One and Two are inextricably intertwined. In order to prove Count Three, Four, and Five, the United States must offer evidence of the operation of the Lansdell Family Clinic locations, the services offered, revenue received, and the loan documentation submitted to secure a COVID-19 PPP loan exclusively allocated for payroll and business expenses associated with Lansdell Family Clinic. The evidence is inextricably intertwined with the evidence offered to prove Count One and Count Two.

Gammon relies on *Chubet v. United States*, 414 F.2d 1018, 1020 (8th Cir. 1969), to argue that joinder is improper in the instant case because the only common thread in the indictment is that one defendant is named in all five counts. However, *Chubet* is inapplicable because, unlike the instant case, in *Chubet*, "the information neither alleged that the transactions were connected nor that they were common to a conspiracy." *Id.* Here, as set forth above, the transactions are inseparably intertwined, and the evidence concerning overprescribing opioids, overbilling of services, and the operation of the clinic comprising the PPP loan documentation are overlapping.

Further, Gammon does not establish prejudicial joinder under Rule 14, and she fails to show "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539 (1993). Any prejudice could be cured through cautionary instructions, and Gammon does not demonstrate otherwise. The Court should deny her motion.

WHEREFORE, for the reasons set forth above, the United States respectfully requests that

Gammon's motion be denied.

Respectfully submitted,

DAVID CLAY FOWLKES
United States Attorney


By:  /s/ Anne E. Gardner
ANNE E. GARDNER
No. 41461
Special Assistant U.S. Attorney
P.O. Box 1229
Little Rock, AR  72203
(501) 340-2600
Anne.Gardner2@usdoj.gov