IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA     PLAINTIFF

v.     Case No. 4:22-cr-40001-3

WENDY WYNETTE GAMMON     DEFENDANT

## ORDER

Before the Court is Arkansas Department of Health's Motion to Quash Subpoena Duces Tecum. ECF No. 179. Defendant Wendy Wynette Gammon ("Gammon") has responded. ECF No. 181. The Court finds that the matter is ripe for consideration.

### I. BACKGROUND

Gammon, an advanced practice registered nurse, has been charged along with several co-defendants with conspiracy to illegally distribute opioids. Gammon served a subpoena duces tecum on Jamie Turpin, Prescription Drug Monitoring Program ("PDMP") Administrator, requesting documents and records stored in the PDMP database.[1] Specifically, the subpoena ordered the PDMP administrator to produce all records of prescriptions filled for Gammon, LaDonna Batty, Alexandra Davis, and Bonita Martin. On behalf of the PDMP Administrator, the Arkansas Department of Health ("ADH") moves the Court to quash the subpoena as it relates to Batty, Davis, and Martin, pursuant to Ark. Code Ann. § 20-7-606. ADH does not object to providing the records pertaining to Gammon.

### II. DISCUSSION

The information reported to the PDMP by prescribers and dispensers is detailed and

---

[1] The Arkansas PDMP collects, manages, analyzes, and provides information regarding Schedule I, II, III, IV, and V controlled substances pursuant to the Uniform Controlled Substances Act, Ark. Code Ann. §§ 5-64-101 *et seq*.

contains highly sensitive protected health information, such as the following: the dispenser's identification number; the date the prescription was filled; the prescription number; whether the prescription is new or is a refill; the National Drug Code number for the controlled substance that is dispensed; the quantity of the controlled substance dispensed; the number of days' supply dispensed; the number of refills ordered; the patient's name; the patient's address, the patient's date of birth, the patient's gender; the prescriber's identification number; the date the prescription was issued by the prescriber; and the source of payment for the prescription. Ark. Code Ann. § 20-7-604(c). Because this information is highly sensitive, Arkansas law deems the information confidential and restricts access to it. Ark. Code Ann. § 20-7-606(a), (b)(2); Ark Code Ann. § 20-7-612 (stating that Arkansas law does not authorize any person, agency, corporation, or other legal entity to invade the privacy of any citizen . . . and obtain information from the PDMP other than to the extent provided in Ark. Code Ann. §§ 20-7-606(b) and 20-7-607(b)). A person whose privacy has been compromised by the unlawful disclosure of the information contained in the PDMP may bring a civil action to address the breach of privacy and to recover all damages to which the person may be entitled per violation, including attorney's fees and costs. Ark. Code Ann. § 20-7-611(h).

A list of persons and entities that are allowed access to the confidential information contained in the PDMP database is found in Ark Code Ann. § 20-7-607(b).[2] A criminal defendant, such as Gammon, is not listed as a person who is allowed access to this confidential information. *Id.*

Gammon states that she is seeking the information at issue so that she can "establish the

---

[2]This list includes, but is not limited to, a person authorized to prescribe or dispense controlled substances, a patient who requests his own information, a designated representative of a professional licensing board for certain healthcare disciplines, and law enforcement agencies. Ark. Code Ann. § 20-7-607(b)

2

usual course of professional practice for other healthcare providers prescribing controlled substances in her area" and to establish "her *Ruan* subjective good faith defense in prescribing controlled substances to her patients."  ECF No. 182, at 2, 6.  However, other less-pervasive means exist to allow Gammon to establish these desired facts.  For example, Gammon could utilize the testimony of other providers in the area or the testimony of an expert witness.  Thus, the Court finds it unreasonable to require the PDMP Administrator to produce such highly confidential information.

### III.  CONCLUSION

Because compliance with the subpoena at issue would require the disclosure of confidential information and would be unreasonable, the Court finds that ADH's Motion to Quash Subpoena Duces Tecum (ECF No. 179) should be and hereby is **GRANTED** as it relates to Batty, Davis, and Martin.  Further, Gammon's Request for Hearing on Motion to Quash Subpoena Duces Tecum (ECF No. 184) is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 26th day of January, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge